937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plantiff-Appellee,
v.
Willie DIXON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aubrey Bernard BROWN, Defendant-Appellant.
 Nos. 90-5219, 90-5220.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 22, 1991.
Decided July 3, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CR-90-128-MJG)
 Stephen J. Dunn, Towson, Md., James K. Fowley, Fowley, Beckley & Stevens, P.A., Baltimore, Md., for appellant.
 Carmina S. Hughes, Assistant United States Attorney, Robert Thomas, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md., 743 F.Supp. 1211.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following a trial to the bench, appellants Willie Lee Dixon and Aubrey Bernard Brown were convicted of attempted bank robbery in violation of 18 U.S.C. Sec. 2113(a) and of using a firearm during the commission of a crime of violence, 18 U.S.C. Sec. 924(c). A codefendant, Billy Carmen Odell, was indicted for attempted bank robbery and for using a firearm. Odell was convicted of attempted bank robbery, but not the firearms count. Another codefendant, Clarence Mann Hawkins, was acquitted on both counts. Dixon and Brown in their appeals claim that the evidence was not sufficient to sustain their convictions because it did not establish that the appellants had the requisite specific intent to commit the crime and did not establish that they had taken a substantial step toward the commission of the crime.
 
 
 2
 The findings of fact of the district court are subject to review under a clearly erroneous standard, United States v. Pelton, 835 F.2d 1067 (4th Cir.), cert. denied, 486 U.S. 1010 (1988), and the evidence must be viewed in the light most favorable to the government where the defendants attack the sufficiency of the evidence. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 3
 Appellants place great reliance upon United States v. Buffington, 815 F.2d 1292 (9th Cir.1987), which reversed an attempted bank robbery conviction because the government failed to prove a firm intent to rob the bank. Their reliance is misplaced because the facts in Buffington are so different from our facts as to render it of no value. In Buffington, the court found that no defendant had come within 50 yards of the bank and that the evidence would not support a conclusion that the defendants intended to rob a federally insured bank rather than one of the other nearby institutions.
 
 
 4
 The present appeal is controlled by our decision in United States v. McFadden, 739 F.2d 149 (4th Cir.), cert. denied, 469 U.S. 920 (1984). In McFadden, we quoted with approval from United States v. Stallworth, 543 F.2d 1038 (2d Cir.1976), "[t]he classical elements of an attempt are intent to commit a crime, the execution of an overt act in furtherance of the intention, and a failure to consummate the crime." Id. at 1040. We adopted a two-tiered inquiry to determine whether conduct constituted an attempt. First, the defendant must act with the kind of culpability otherwise required for the commission of the crime, and second, he must have engaged in conduct that constitutes a substantial step toward commission of the crime, which conduct strongly corroborates the firmness of the defendant's criminal intent.
 
 
 5
 The evidence supporting the convictions is more particularly set forth in the detailed findings of fact of the district court which show that the defendants had "cased" the Harford Road Branch of the Maryland National Bank in Baltimore and attempted to enter the bank on the afternoon of March 28, 1990. On the following day, the bank was under surveillance of FBI agents because of the suspicious actions of the defendants on the previous day. These agents noticed the defendants driving a brown Thunderbird slowly around the bank. When this automobile parked near the bank, one of the agents drove by the parked car and recognized the driver as Billy Odell, who was pictured in a bank surveillance photograph of a recent bank robbery. The agent advised other FBI agents by radio and obtained additional assistance. A few moments later appellant Dixon got out of the right front seat of the parked vehicle and headed toward the bank. In the parking lot in front of the bank, Dixon paused and was detained by FBI agents who were parked nearby. These agents, believing that the other persons in the car might attempt to flee, approached the car in such a way as to cut off its access to the street. The occupants of the car were ordered out of the automobile, and as they exited they were wearing ski masks, stocking caps, surgical gloves, and extra layers of clothing. Appellant Brown was wearing two layers of clothing and a sawed-off shotgun was concealed in his pants. A handgun was discovered under the passenger side of the front seat where Dixon had been sitting. Additional surgical gloves and ski masks were found in the car and a duffle bag, which had been seen the previous day by bank employees, was found in the car. It was also discovered that the license tags on the Thunderbird were not those issued for this vehicle and that the proper plates had been removed and were in the trunk.
 
 
 6
 This evidence was sufficient to establish the kind of culpability required for the commission of the crime of bank robbery and to show a substantial step toward the commission of the crime. In McFadden, we cited circumstances sufficient to constitute substantial steps toward the commission of the crime as lying in wait, reconnoitering the place contemplated for the commission of the crime, possession of materials to be employed in the commission of the crime, and possession and collection of materials to be employed in the commission of the crime at or near the place contemplated for its commission, where such possession and collection serve no lawful purpose of the actor under the circumstances.
 
 
 7
 739 F.2d at 152.
 
 
 8
 The defendants had reconnoitered and attempted entry of the bank the previous day, they had returned with the necessary paraphernalia to rob the bank and were lying in wait at the time of their arrest, and Dixon was approaching the bank at the time he was stopped. This evidence was sufficient to establish beyond a reasonable doubt that the defendant's conduct constituted an attempt to rob the Harford Road Branch of the Maryland National Bank.
 
 
 9
 We affirm the convictions of appellants Dixon and Brown.
 
 
 10
 AFFIRMED.